```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
MIROGLIO S.P.A.,                                              :

                Plaintiff,                                    :     05 Civ. 00121 (BSJ) (GWG)

        -v.-                                                  :     OPINION AND ORDER

CONWAY STORES, INC., PARAMOUNT                                :
DECORATORS, INC., PARIS TEXTILES, INC.,
AND JEMBRO STORES, INC.,                                      :

                                                              :
                Defendants.
---------------------------------------------------------------X
```

**GABRIEL W. GORENSTEIN, UNITED STATES MAGISTRATE JUDGE**

Plaintiff Miroglio S.P.A. ("Miroglio") has moved to amend its complaint to substitute YS Designing of NY Inc. for defendant Paris Textiles, Inc. ("Paris"). It also seeks to add eight new defendants who are alleged to be subsidiaries of defendant Paramount Decorators, Inc. ("Paramount"). For the reasons stated below, this motion is granted.

I. BACKGROUND

Discovery has concluded in this matter and plaintiff has moved for summary judgment. Included in that motion is a request for an order "amending the caption of this matter to include the corporate names YS Designing of NY Inc.; Paramount Decorators of Massapequa, Inc.; Paramount Silk House, Inc.; Paramount Home Decorators, Inc.; Paramount Decorators of Yonkers, Inc.; Paramount Decorators of Mill Basin, Inc.; Paramount Linens of Bruckner Inc.; Paramount Linens of Valley Stream, Inc.; and Paramount Linens of Bay, Inc. . . . ." Plaintiff's Notice of Motion for Summary Judgment, filed Apr. 5, 2006 (Docket #16) ("Pl. Not. of Mot.").

With respect to Paris, Miroglio has submitted excerpts of the deposition of Paris' principal Shlomo Fakse, in which he states that the true corporate name of "Paris Textiles, Inc." is "YS Designing of New York, Inc." and that "Paris Textiles" is merely a "doing business" name.  Declaration of Jed R. Schlacter, dated Mar. 29, 2006 (attached to Pl. Not. of Mot.) ("Schlacter Decl."), ¶ 4; Deposition of Shlomo Fakse, dated Feb. 10, 2006 (reproduced in Ex. G of Pl. Not. of Mot.), at 6.  A certificate of incorporation from the New York Secretary of State reflects that the actual name of the corporation is "YS Designing of NY Inc."  Schlacter Decl. ¶ 4.  Accordingly, Miroglio seeks to amend the caption to reflect the true name of Paris.

With respect to Paramount, Miroglio asserts that there are records from the Secretary of State showing that Paramount has a "separate corporation for each lease of retail space that it obtains."  Memorandum of Law in Support of Plaintiff's Motion for Summary Judgment, filed Apr. 5, 2006 (Docket #17) ("Pl. Mem."), at 3; Schlacter Decl. ¶ 6; Ex. F. of Pl. Not. of Mot.  The use of these entities is also reflected on invoices issued by Paris.  See Schlacter Decl. ¶ 5; Paris Inventory Items QuickReport, dated Feb. 22, 2006 (reproduced as Ex. M of Pl. Not. of Mot.). Accordingly, plaintiff seeks to add eight Paramount-related entities as defendants in this matter.

II. DISCUSSION

    A.  The Law on Amending the Complaint

Pursuant to Federal Rule of Civil Procedure 15(a), after responsive pleadings have been filed, subsequent amendments are possible only with leave of court, but such leave "shall be freely given when justice so requires."  Thus, while the decision to grant leave to amend a pleading is within the discretion of the Court, the Court must have "good reason" to deny leave to amend.  See Acito v. IMCERA Group, Inc., 47 F.3d 47, 55 (2d Cir. 1995) (citing S.S.

2

Silberblatt, Inc. v. East Harlem Pilot Block-Bldg. 1 Hous. Dev. Fund Co., 608 F.2d 28, 42 (2d Cir. 1979)). Leave to amend may be denied where there has been "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party . . . [or] futility of amendment . . . ." Foman v. Davis, 371 U.S. 178, 182 (1962). Generally, "[m]ere delay, . . . absent a showing of bad faith or undue prejudice, does not provide a basis for the district court to deny the right to amend." Richardson Greenshields Secs., Inc. v. Lau, 825 F.2d 647, 653 n.6 (2d Cir. 1987).

While in many cases there will be prejudice where a motion to amend is made after discovery is completed, see, e.g., Krumme v. WestPoint Stevens Inc., 143 F.3d 71, 88 (2d Cir. 1998), cert. denied., 525 U.S. 1041 (1998), leave to amend is appropriately granted where the amendment is "proposed only after discovery revealed additional relevant facts." Friedl v. City of New York, 210 F.3d 79, 88 (2d Cir. 2000). Thus, "[t]he mere fact that discovery has concluded . . . does not provide a reason for denying leave to amend, especially where the new claim arises from the same set of operative facts as the original claims." Twisted Records v. Rauhofer, 2005 WL 517328, at *6 (S.D.N.Y. Mar. 3, 2005) (citing cases).

    B. YS Designing of NY Inc. d/b/a Paris Textiles, Inc.

Miroglio contends that YS Designing of NY Inc. is the proper corporate name for defendant Paris. Defendants do not dispute this. Instead, they argue that the motion should be denied because "[a] simple search of the New York [] Department of State's corporate records would have shown that no such entity exists." See Defendants' Memorandum of Law in Opposition to Plaintiff's Motion for Summary Judgment, filed June 23, 2006 (Docket #23) ("Def. Mem."), at 4. To the extent this is an argument that the plaintiff engaged in "undue

3

delay," it is of no weight since defendants point to no prejudice from the amendment. While defendants assert that the amendment will "set this case back to square one," Def. Mem. at 5, they give no reason why this should be so. Obviously, no discovery, motion practice, or any other proceedings are required to merely substitute the correct name of a corporate defendant. In addition, any delay could not be characterized as "undue" since Miroglio first learned that YS Designing of NY Inc. was the corporate name for Paris during the February 10, 2006 deposition of its principal, Shlomo Fakse. See Reply Declaration [of Jed Schlacter] in Support of Plaintiff's Motion for Summary Judgment, filed July 17, 2006 ("Schlacter Reply Decl.") (attached to Reply Declaration [of Vincenzo Graziola] in Support of Plaintiff's Motion for Summary Judgment, filed July 17, 2006) (Docket #26), ¶ 5. Miroglio should not be faulted for not seeking the true name of the corporation earlier inasmuch as Paris misled Miroglio on this point by admitting that Paris was a New York corporation in its Answer to the complaint. Answer and Affirmative Defenses, filed Apr. 22, 2005 (Docket #9), ¶ 5.

     Defendants allude to the applicability of the statute of limitations to this motion, see Def. Mem. at 4, but make no specific argument that the proposed amendments would not relate back under Fed. R. Civ. P. 15(c). Under that rule, the amendment would relate back to the filing of the complaint since (1) there is no change to the cause of action sued on; (2) YS knew that this suit was meant to be brought against YS inasmuch as YS was obviously aware of its own true corporate name; and (3) YS had sufficient notice of the suit to prevent any prejudice against it in maintaining a defense inasmuch as it litigated the entire suit as if it were actually the defendant in this matter. See, e.g., William H. McGee & Co. v. M/V Ming Plenty, 164 F.R.D. 601, 606

(S.D.N.Y. 1995) ("[t]he misidentification of similarly named or related companies is the classic case for application of Rule 15(c) relation back.").

Accordingly, Miroglio's motion for leave to amend the complaint to replace Paris Textiles, Inc. with YS Designing of NY Inc. ("YS") is granted.

### C. Paramount Entities

Miroglio asserts that Paramount "has numerous other related corporations that purchased and sold the infringing items." Schlacter Decl. ¶ 5. It asserts that these related corporations "were involved in purchasing and selling the allegedly infringing items, and therefore they should each be added to the caption of this suit, and added as defendants herein." Pl. Mem. at 4. Defendants contend that Miroglio "fail[ed] to make any specific claim of infringement with respect to the newly proposed Paramount defendants, or a showing that they are even related to the original paramount [sic] defendant." Def. Mem. at 4.

Miroglio's effort to add various Paramount entities to the complaint stands on a similar footing with its effort to substitute YS for Paris. As is true in both instances, there was no undue delay on Miroglio's part. Miroglio had requested the information on the Paramount defendants in July 2005, Schlacter Reply Decl. ¶ 7, but never received an invoice from Paramount. See Pl. Mem. at 11; Schlacter Decl. ¶ 10 n.2. Miroglio has submitted evidence that it learned for the first time at the conclusion of the discovery period, in February 2006, that these entities had purchased the Regina curtains from YS. Schlacter Decl. ¶ 5. Its motion to amend was made approximately one month later. Plainly Paramount is not going to be prejudiced by the addition of these entities since only the most limited discovery would ever be required of them and they

will be given a full opportunity to defend this action.  Defendants have pointed to no other prejudice.

That Mirgolio "fail[ed] to make any specific claim of infringement with respect to the newly proposed Paramount defendants, or a showing that they are even related to the original paramount [sic] defendant," Dweck Decl. ¶ 7, is not relevant since Miroglio is only requesting to amend the complaint at this point.  No judgment is to be entered against these entities until they have been served and had an opportunity to contest the complaint.  To the extent these defendants wish to raise any issue regarding the statute of limitations and relation back under Fed. R. Civ. P. 15(c), it seems unlikely that such a defense would be meritorious.  See, e.g., Global Crossing Estate Representative v. Winnick, 2006 WL 2212776, at *7 (S.D.N.Y. Aug. 3, 2006) ("Given the close identity of interest between [defendant] and its subsidiaries, the subsidiaries had every reason to know that, but for [the plaintiff's] confusion or mistake concerning the identity of the proper parties, they would have been defendants from the beginning."); cf. Andrews v. Lakeshore Rehab. Hosp., 140 F.3d 1405, 1408 n.5 (11th Cir. 1998) ("a parent company is not prejudiced by having amendments naming it relate back to the filing of a complaint against its wholly owned subsidiary").  Nonetheless, defendants will be free to raise any non-frivolous defense in the context of a motion to dismiss or other appropriate motion following the filing of the amended complaint.

Accordingly, Miroglio has leave to file an amended complaint adding the eight Paramount defendants provided it does so within 30 days.  Service on the entities shall be made within 30 days thereafter.

<u>Conclusion</u>

Miroglio's motion to amend (included in Docket # 16) is granted as set forth in this Opinion. The caption is hereby amended to substitute YS Designing of NY Inc for Paris Textiles, Inc. Also, Miroglio has leave to file an amended complaint adding the eight Paramount defendants provided it does so within 30 days. Service on these entities shall be made within 30 days thereafter.

Dated: February 6, 2007
       New York, New York

                                                         GABRIEL W. GORENSTEIN
                                                         United States Magistrate Judge

Copies sent to:

Jed R. Schlacter
Schlacter and Associates
450 Seventh Avenue
New York, NY 10123

Jeffrey S. Dweck
The Law Firm of Jeffrey S. Dweck, P.C.
100 West 33rd Street, Suite 1017
New York, NY 10001

## Conclusion

Miroglio's motion to amend (included in Docket # 16) is granted as set forth in this Opinion. The caption is hereby amended to substitute YS Designing of NY Inc for Paris Textiles, Inc. Also, Miroglio has leave to file an amended complaint adding the eight Paramount defendants provided it does so within 30 days. Service on these entities shall be made within 30 days thereafter.

Dated: February 6, 2007
      New York, New York

*[signature]*

GABRIEL W. GORENSTEIN
United States Magistrate Judge

Copies sent to:

Jed R. Schlacter
Schlacter and Associates
450 Seventh Avenue
New York, NY 10123

Jeffrey S. Dweck
The Law Firm of Jeffrey S. Dweck, P.C.
100 West 33rd Street, Suite 1017
New York, NY 10001